(No. 4491- )

THE COUNTY OF RANDOLPH, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed February 6, 1953.*

JOHN A. HEUER AND WILLIAM A. SCHUWERK, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

LANSDEN, J.

Claimant, County of Randolph, Illinois, by the chairman of its Board of County Commissioners and its State's Attorney, seeks to recover from respondent the sum of $6,449.00. This action is based on a specific statute, which confers jurisdiction on this Court to hear cases brought thereunder. Ill. Rev. Stat., 1949, Chap. 65, Secs. 37-39; Chap. 37, Sec. 439.8.

The purpose of such statute is to reimburse certain counties in Illinois for expenses, costs and fees incurred because of the large volume of petitions for writs of habeas corpus in *forma pauperis* filed therein. The Counties of Will and Randolph are the principal beneficiaries of such statute.

Such counties have previously been given five awards in this Court, and those cases have decided that certain fees, expenses and costs are reimbursable under such statute. *County of Will* vs. *State*, 18 C.C.R. 189; *County of Will* vs. *State*, 19 C.C.R. 192; *County of Will* vs. *State*, 20 C.C.R. 105; *County of Randolph* vs. *State*, 19 C.C.R. 114; *County of Randolph* vs. *State*, 20 C.C.R. 243.

A stipulation of facts has been filed herein, and is hereby approved.

The stipulation discloses that the Illinois State Penitentiary is located in Randolph County. Between January 24, 1950 and November 19, 1951, 375 petitions for writs of habeas corpus were filed in *forma pauperis* in the office of the Clerk of the Circuit Court of Randolph County by inmates of such institution. None of the petitioners were at the time of their commitment residents of, or committed by any court in Randolph County. In 27 cases the Clerk's filing fee was paid by the petitioner. Writs were issued, and hearings were held in 191 cases. In each of the 191 cases, the State's Attorney of Randolph County represented the People of this State at the hearing, and, in addition, the Clerk of the Circuit Court was required to furnish a photostatic copy of the petition to the Attorney General of the State of Illinois at a cost of $1.00 per petition.

In the above cited cases, we found that the Clerk of the Circuit Court was entitled to a $5.00 filing fee in each case, and reimbursement for the furnishing of photostats at cost. In *County of Randolph* vs. *State*, 19 C.C.R. 114, we found the State's Attorney was entitled to a fee of $20.00 for each case in which he appeared at the hearing representing the People.

Previously, the Sheriff of Randolph County claimed reimbursement for serving and returning the writs of habeas corpus, and for mileage. In *County of Randolph* vs. *State*, 19 C.C.R. 114 and 20 C.C.R. 243, it was held that the Sheriff was not entitled to any fees for serving the writs, or for mileage, but that he was entitled to $1.00 for returning each writ.

In this case the Sheriff no longer seeks any reimbursement for serving the writs, or for mileage. He still

seeks the $1.00 fee for returning each writ, and also claims $2.50 in each of the 191 cases wherein the writs were issued and hearings held, because the Sheriff actually attended before the Judge of the Circuit Court with each of the prisoners in the 191 such cases.

The Sheriff is clearly entitled to be reimbursed for these fees, since Ill. Rev. Stat., 1949, Chap. 53, Sec. 37, provides in part as follows:

"The fees of sheriffs in counties of the first and second class shall be as follows:

. . . . . . . .

For attending before a judge with prisoner, on a writ of habeas corpus, in counties of the first and second class, two dollars and fifty cents per day . . . . . "

. . . . . . . .

Our opinion in *County of Randolph* vs. *State*, 19 C.C.R. 114, wherein we allowed the State's Attorney $20.00 in each case in which he represented the People, is also authority for allowing the Sheriff $2.50 for attending with each prisoner, regardless of how many prisoners there might be before the Judge of the Circuit Court at any one session of court.

The Clerk of the Circuit Court of Randolph County is entitled to receive $5.00 for each petition filed, or the sum of $1,875.00, but he has already received $135.00 in 27 cases, leaving a balance due of $1,740.00. Ill. Rev. Stat., 1949 and 1951, Chap. 53, Sec. 31. In addition, he is entitled to receive $1.00 for photostats in 191 cases, or the sum of $191.00.

The Sheriff of Randolph County is entitled to receive $1.00 for returning each of the 191 writs of habeas corpus that were issued, or the sum of $191.00, and an additional sum of $2.50 in each of the 191 cases wherein he attended before the Judge of the Circuit Court with the prisoner, or the sum of $477.50, or a

total sum of $668.50. Ill. Rev. Stat., 1949 and 1951, Chap. 53, Sec. 37.

The State's Attorney of Randolph County is entitled to receive $20.00 for each of the 191 cases in which he appeared at the hearing representing the People, or the sum of $3,820.00. Ill. Rev. Stat., 1949 and 1951, Chap. 53, Sec. 8.

An award is, therefore, entered in favor of the County of Randolph for the sum of $6,419.50.